SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

|  |  |
|---|---|
| BETTY BROUSSARD, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| v. | 1. Violation of Fair Credit Reporting Act; |
| Experian Information Solutions, Inc.; Equifax, Inc.; TransUnion, LLC; Midland Credit Management, Inc.; Capital One, National Association; Citigroup, Inc.; Comenity, LLC; Discover Bank; Synchrony Bank; Diversified Adjustment Service, Inc. and DOES 1 through 100 inclusive, | 2. Violation of California Consumer Credit Reporting Agencies Act |
| Defendants. | |

COMES NOW Plaintiff BETTY BROUSSARD, an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1.  This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in

connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

### JURISDICTION & VENUE

2.   Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4.   This venue is proper pursuant to 28 U.S.C. §1391(b).

### GENERAL ALLEGATIONS

5.   Plaintiff filed for Chapter 7 bankruptcy protection on February 27, 2015 in order to reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 7 was discharged on May 27, 2015.

6.   On August 10, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting by Plaintiff's creditors.

7.   Plaintiff noticed several tradelines all reporting misleading and inaccurate account information.

8.   Defendant Midland Credit Management, Inc. was reporting Plaintiff's account, beginning in 8546, as in collections and charged off.

9.   Defendant Capital One, National Association was reporting Plaintiff's account, beginning in 5178, as in collections and charged off.

10.   Defendant Capital One, National Association was reporting Plaintiff's account, beginning in 4862, as in collections and charged off.

11.   Defendant Capital One, National Association was reporting Plaintiff's account, beginning in 4388, as in collections and charged off.

12.   Defendant Capital One, National Association was reporting Plaintiff's account, beginning in 4121, as in collections and charged off.

13.   Defendant Citigroup, Inc. was reporting Plaintiff's account, beginning in 5466, as in collections and charged off.

14.   Defendant Comenity, LLC was reporting Plaintiff's account, beginning in 1, as in collections and charged off.

15.   Defendant Discover Bank was reporting Plaintiff's account, beginning in 6011, as in collections and charged off.

16.   Defendant Synchrony Bank was reporting Plaintiff's account, beginning in 6018, as in collections and charged off.

17.   Defendant Diversified Adjustment Service, Inc. was reporting Plaintiff's account, beginning in 2664, as in collections.

18.   In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

19.   Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

20.   Defendants Midland Credit Management, Inc.; Capital One, National Association; CashCall, Inc.; Citigroup, Inc.; Comenity, LLC; Discover Bank; Synchrony Bank and Diversified Adjustment Service, Inc. failed to conduct a reasonable investigation and continued to report falsely to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC misleading and inaccurate account information as identified above in Paragraphs 8 – 18. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

21.   Alternatively, Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information.  After the statutory time period passed for Experian Information Solutions, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

22.  Alternatively, Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Equifax, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

23.  Alternatively, TransUnion, LLC failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for TransUnion, LLC to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

24.  On April 15, 2016 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure the accounts that were in dispute were being properly reported.

25.  Despite Plaintiff's dispute, Defendants; Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC failed to correct the misleading and inaccurate statements on the account within the statutory time frame or, alternatively, at all.

26.  The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

27.  Defendants failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

28.  The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC- Failure to Reinvestigate Disputed Information.**

29.  Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

30.  After Plaintiff disputed the accounts mentioned above, Defendants Experian Information

4

Solutions, Inc.; Equifax, Inc. and TransUnion, LLC were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendants were required to send all relevant information to the furnishers which they did not do.  Defendants failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**Midland Credit Management, Inc.; Capital One, National Association; Citigroup, Inc.; Comenity, LLC; Discover Bank; Synchrony Bank and Diversified Adjustment Service, Inc. – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC and Failure to Reinvestigate.**

31. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

32. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

33. Defendants Midland Credit Management, Inc.; Capital One, National Association; Citigroup, Inc.; Comenity, LLC; Discover Bank; Synchrony Bank and Diversified Adjustment Service, Inc. violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts. Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC provided notice to the defendants that Plaintiff was disputing the inaccurate and misleading information but each of the Defendants failed to conduct a reasonable investigation of the information as required by the FCRA.

34. Specifically, Defendant Midland Credit Management, Inc. (Account # 8546xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

35. Defendant Capital One, National Association (Account # 5178xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

36. Defendant Capital One, National Association (Account # 4862xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

37. Defendant Capital One, National Association (Account # 4388xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

38. Defendant Capital One, National Association (Account # 4121xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

39. Defendant Citigroup, Inc. (Account # 5466xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

40. Defendant Comenity, LLC (Account # 1xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

41. Defendant Discover Bank (Account # 6011xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

42. Defendant Synchrony Bank (Account # 6018xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections and charged off.

43. Defendant Diversified Adjustment Service, Inc. (Account # 2664xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 7 filing and discharge, that the account was in collections.

## SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a)
(Against Defendants and Does 1-100)

**Midland Credit Management, Inc.; Capital One, National Association; Citigroup, Inc.; Comenity, LLC; Discover Bank; Synchrony Bank and Diversified Adjustment Service, Inc. – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.**

44. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

45. Defendants Midland Credit Management, Inc.; Capital One, National Association; Citigroup, Inc.; Comenity, LLC; Discover Bank; Synchrony Bank and Diversified Adjustment Service, Inc. intentionally and knowingly reported misleading and inaccurate account information to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.

46. Plaintiff alleges that Defendants re-reported misleading and inaccurate account information, as stated in paragraphs 8-18 and 36-46 to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC in violation of California Civil Code § 1785.25(a).

47. Plaintiff also alleges that Defendants had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

48. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading and inaccurate reporting.

49. Defendants failed to notify Experian Information Solutions Inc.; Equifax, Inc. and TransUnion, LLC that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

50. Defendants' communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

51. As a direct and proximate result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

52. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

      a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

d. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

f. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

Dated: June 15, 2016                    By:          **SAGARIA LAW, P.C.**
                                                     _/s/ Elliot Gale, Esq._
                                                     Scott Sagaria, Esq.
                                                     Elliot Gale, Esq.
                                                     Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

Dated: June 15, 2016                                 **SAGARIA LAW, P.C.**
                                                     _/s/ Elliot Gale, Esq._
                                                     Scott Sagaria, Esq.
                                                     Elliot Gale, Esq.
                                                     Attorneys for Plaintiff